Ekwan E. Rhow - State Bar No. 174604
    erhow@birdmarella.com
Paul S. Chan - State Bar No. 183406
    pchan@birdmarella.com
Alexander H. Tran - State Bar No. 338940
    atran@birdmarella.com
BIRD, MARELLA, RHOW,
LINCENBERG, DROOKS & NESSIM, LLP
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

Attorneys for Plaintiff Delinea Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| DELINEA INC., | CASE NO. |
| Plaintiff, | **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF:** |
| vs. | **(1) BREACH OF CONTRACT** |
| SAVIYNT, INC.; PATRICK A. WADLAND, an individual, and DOES 1-25, | **(2) VIOLATION OF COMPUTER FRAUD AND ABUSE ACT, 18 U.S.C. §§ 103(a)(2)(C), (a)(5)(B);** |
| Defendants. | **(3) VIOLATION OF THE COMPUTER DATA AND ACCESS FRAUD ACT, CAL. PENAL CODE § 502** |
| | **(4) VIOLATION OF THE DEFEND TRADE SECRETS ACT, 18 U.S.C. § 1836 *ET SEQ.*** |
| | **(5) VIOLATION OF THE CALIFORNIA UNIFORM TRADE SECRETS ACT, CAL. CIV. CODE § 3426 *ET SEQ.*** |
| | **(6) UNFAIR BUSINESS PRACTICES, CAL. BUS. & PROF. CODE. § 17200 *ET SEQ.*** |
| | **(7) INTENTIONAL INTERFERENCE WITH A CONTRACTUAL RELATIONSHIP** |
| | **(8) CONVERSION** |
| | **JURY TRIAL DEMANDED** |

4082780.7

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Plaintiff Delinea Inc. ("Delinea" or the "Company") brings this action against Defendant Saviynt, Inc. ("Saviynt") and Delinea's former employee, Defendant Patrick A. Wadland ("Wadland" and collectively, the "Defendants"), and alleges as follows:

## NATURE OF THE ACTION

1.      Delinea seeks injunctive relief and damages to halt Defendants' brazen campaign of corporate theft.  Defendant Wadland, a former Director of Product Management at Delinea, resigned from the Company on April 14, 2025 to work for a direct competitor, Defendant Saviynt, developing products intended to directly compete with Delinea.  Throughout his Delinea employment, Wadland signed multiple agreements in which he acknowledged his ongoing confidentiality obligations to Delinea and his understanding that those confidentiality obligations continued even after his separation from the Company.

2.      But immediately after resigning – without Delinea's knowledge or consent and in direct violation of his confidentiality and non-disclosure obligations – Defendant Wadland secretly embarked on a scheme to steal, misappropriate, and misuse Delinea's confidential information and trade secrets, by repeatedly infiltrating a Delinea proprietary computer system dozens of times, with the express purpose of illicitly viewing and downloading extensive Delinea proprietary information including product trade secrets.  This deliberate theft of Delinea proprietary information and trade secrets was conducted during business hours, including from an IP address registered to Saviynt in El Segundo, California, through intrusions that in some instances lasted for hours.  This improper conduct occurred while Wadland was employed by Saviynt, who hired him to develop products intended to directly compete with Delinea.

3.      Delinea now brings this action for injunctive relief, recovery of its intellectual property, recovery of actual and/or statutory damages, attorneys' fees, punitive damages, and other remedies as a result of Defendants' unauthorized

intrusions, misappropriation and other unlawful conduct.

## PARTIES

4.    Plaintiff Delinea is a Delaware corporation with its principal place of business in San Francisco, California.

5.    Defendant Saviynt is a Delaware corporation with its principal place of business in El Segundo, California.  On information and belief, Saviynt is a cloud identity security and management solutions provider that competes with Delinea.

6.    Defendant Wadland is a natural person and, on information and belief, a resident of Boston, Massachusetts.  Between February 2020 and until he resigned on April 14, 2025, Wadland was an employee of Delinea and was primarily responsible for the development, sales, and implementation of one of Delinea's products called Fastpath Assure.

7.    Defendants Does 1 through 25 are sued under fictitious names because their true names and capacities currently are unknown to Delinea.  Delinea will amend this Complaint to add their true names and capacities when they are ascertained.  Upon information and belief, each of the fictitiously-named defendants is responsible in some manner for the acts alleged in this pleading, and they, along with Defendant Wadland, proximately caused the damages alleged herein.

## JURISDICTION AND VENUE

8.    Jurisdiction is proper pursuant to 28 U.S.C. § 1331 because Delinea asserts claims under the federal Computer Fraud and Abuse Act, 18 U.S.C. § 1030 *et seq.*, and federal Defend Trade Secrets Act, 18 U.S.C. § 1836 *et seq.*  The Court has supplemental jurisdiction over Delinea's additional claims because they form part of the same case or controversy.  28 U.S.C. § 1367(a).  The Court has personal jurisdiction over Defendants because, in addition Saviynt's California residence, they purposefully engaged in activities within California sufficient to constitute minimum contacts with the State of California, and this action arises out of or relates to such contacts.

4082780.7

3

9. Venue is proper in this district under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district. Defendants transact business in this district, and/or the property that is the subject of this action is situated in this district.

## GENERAL ALLEGATIONS

**A.    Background on Delinea and the Cybersecurity Industry**

10. The cybersecurity industry is a highly competitive market in which companies offer products and solutions to help customers protect their sensitive information from cyber threats amplified by the proliferation and adoption of cloud computing infrastructure. Delinea, formed in 2021 from the merger of two established cybersecurity companies, is in the business of providing cybersecurity solutions utilizing proprietary processes, products, and technologies to deliver a range of enterprise security software and services to its customers.

11. From inception, Delinea has been a leading provider of Privileged Access Management ("PAM") solutions. PAM is an Identity Security solution and set of tools that secures, manages, and monitors privileged accounts, identities and credentials. Identity Security is a cybersecurity practice focused on protecting digital identities (human and non-human) from unauthorized access, manipulation, or misuse through tools and processes that manage and verify these identities and control their access to systems and data.

12. In January 2024, Delinea strategically expanded its cybersecurity capabilities within the Identity Security space by acquiring Authomize Ltd., a leader in identity threat detection and response. In April 2024, Delinea further expanded its presence in the Identity Security space through the acquisition of Fastpath Solutions, LLC ("Fastpath"), a leader in Identity Governance and Administration ("IGA") and identity access software that help businesses manage access risk, segregation of duties, and security across multiple applications and platforms. IGA refers to solutions that automate and orchestrate governance and administration of

4082780.7

4

digital identities and access rights policies and procedures in an organization. Within IGA, Separation of Duties ("SoD") solutions focus on access rights and controls across business applications for orchestrating regulatory and other compliance requirements.

13.     As part of the Fastpath acquisition, Delinea assumed all of Fastpath's confidential and proprietary business and trade secret information, including but not limited to all rights, title and interest in rights under contracts and leases, inventory, accounts receivable, books and records, intellectual property, computer hardware and software, supplies, sales literature, customer, supplier and distributor lists, supplier relationships, client relationships, methodologies, confidential employee and product information, pricing information, and sales volume information.

14.     Delinea's success in the highly competitive PAM and Identity Security industry is a result of years of hard work, ingenuity and significant investment in research and development.  Delinea's confidential, proprietary, and trade secret information and other intellectual property are the essence of its respective business and products.

15.     Fastpath – and its cloud-based risk and compliance management product called Fastpath Assure – are among Delinea's most valuable assets.  With centralized, cloud-based IT General Controls ("ITGC"), including SoD, Fastpath enables businesses to efficiently manage and secure identities, enforce robust access controls over critical business processes, and track changes in data across critical business applications.  SoD is a security measure that involves requiring the input of more than one person in completing a critical or higher risk task.  Fastpath Assure helps organizations track, review, approve, and mitigate user access and SoD risks.

16.     Within the Fastpath Assure product platform, there is a range of 50 to over 100 risk framework and rulesets per application that are provided to a Delinea

5

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

customer with the licensed purchase of the product.[1] These risk framework and rulesets are logical policies and conditions that determine how access is granted, maintained, and revoked for identities interacting with different systems. These risk framework and rulesets are strictly proprietary and were developed by the Fastpath audit team and partners over decades to not only provide cross-industry best practice rules based on industry recognized principles for IT governance, but to leverage unique expertise for governing access and risks to all identities across multiple business applications within a business enterprise. The integration features of Fastpath Assure (including its risk and rule sets and modules) are not generally known or readily ascertainable, and derive independent economic value from being Delinea's proprietary and confidential information. If competitors had access to Delinea's products, such competitors would be able to manufacture and duplicate Delinea's products in the market, on a significantly reduced time-to-market timeline, and dilute or destroy Delinea's competitive market share.

17.   For Defendant Wadland to perform the functions of his job at both Fastpath and Delinea, he was given access to competitively sensitive or commercially valuable data or information constituting trade secrets under California and federal law, including, without limitation, development plans, product strategies, inventions, formulas, programs, code, compliers, methods, designs, processes, marketing information, pricing policies, Company records, customer files and lists, business, marketing, financial and sales records, data, plans and surveys, risk framework and rulesets, modules, integrations, and other records or information relating to the present and future business, product, or service of Delinea and Fastpath (referred to herein as "Confidential Information").

---

[1]   Delinea customers purchasing Fastpath Assure are subject to strict licensing and/or cloud services entitlement rights, confidentiality, and return of property restrictions.

4082780.7

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**B.      Plaintiff Delinea Protects its Confidential Information and Trade Secrets**

18.      At all relevant times, Delinea's Confidential Information was nonpublic, provided only to current customers of Delinea under strict confidentiality, protective licensing terms, and return of property restrictions, and was not known to its competitors, thereby providing Delinea with a competitive advantage.

19.      Delinea takes reasonable measures to protect the confidentiality and trade-secret nature of its Confidential Information, including, but not limited to: requiring employees, like Wadland, to sign agreements in which they agree to maintain the confidentiality of such Confidential Information and to complete annual security and data protection training and certifications; requiring current and prospective customers, and business partners to execute written agreements containing non-disclosure, protective licensing terms, and return of property provisions; password-protecting computers; limiting access to data and information; marking documents confidential; and enforcing non-disclosure agreements. Delinea further maintains its Confidential Information and trade secrets on a protected and restricted private network which requires company authorization to access, password credentials, and multiple factor authentication.

**C.      Defendant Wadland's Employment and Resignation**

20.      On February 3, 2020, Wadland began his employment at Fastpath as a Director of Risk & Compliance Solutions. In his role, Wadland was responsible for managing system integrations by maintaining rulesets, contributing to the development roadmap, supporting technical partnerships, and assisting sales, support, and customer success teams

21.      In connection with his employment, Wadland signed a Confidentiality and Inventions Assignment Agreement, which was effective as of June 5, 2020 (the "CIAA"). A true and correct copy of an excerpt of the CIAA is attached hereto as **Exhibit 1** and incorporated herein by reference.

7

22. In the CIAA, Wadland acknowledged that by virtue of his employment, he had access to "Confidential Information of the Company" and "that the communication of such Confidential Information to third parties or the unauthorized use of such Confidential Information could irreparably injure the business of the Company." (Exhibit 1 at 1.)

23. Wadland agreed that he would "treat and safeguard as confidential and secret all Confidential Information received by him or her at any time and that, without the prior written consent of the Company, he or she will not, directly or indirectly, disclose, reveal, make known, publish, or communicate any of the Confidential Information to any third party whatsoever, or use any of the Confidential Information in any manner except in connection with the business of the Company." (Exhibit 1 at 1.)

24. Wadland further agreed that his "obligations in this [CIAA] shall survive the termination of his or her employment with the Company for any reason." (Exhibit 1 at 9.)

25. Effective April 25, 2022, Wadland was promoted to the Director of Customer Solutions at Fastpath. As the Director of Customer Solutions, Wadland was responsible for ongoing customer success through knowledge of integrated applications, definition of core rulesets, input into product development, and working with customers to enhance their use of the Fastpath platform.

26. Effective October 23, 2023, Wadland took on the position of Director of Product Management, Integration & Risk Solutions at Fastpath. As the Director of Product Management, Integration & Risk Solutions, Wadland was responsible for defining, prioritizing, and delivering product requirements by balancing customer feedback, market research, competitive analysis, regulatory needs, and technical investments.

27. On October 23, 2023, Wadland signed and acknowledged receipt of the Fastpath Solutions LLC Employee Handbook (the "Fastpath Employee Handbook").

4082780.7

8

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

A true and correct copy of an excerpt of the Fastpath Employee Handbook is attached hereto as **Exhibit 2** and incorporated herein by reference.  In that agreement, Wadland agreed to not "improperly '[d]isclos[e]' Confidential Information both during and after the employment relationship."  (Exhibit 2 at 19-20.)

28.   Wadland further agreed that at and after termination of his employment, he "may not ever, directly or indirectly, [d]isclose the Confidential Information in any manner that may disadvantage or harm Fastpath."  (Exhibit 2 at 20.)  Furthermore, as part of the team member conduct and work rules, Wadland acknowledged that "[u]nauthorized disclosure of business secrets, customer information, or confidential or proprietary information" could constitute an infraction of the rules of conduct.  (Exhibit 2 at 10-11.)

29.   Following Delinea's acquisition of Fastpath, Wadland entered into agreements with Delinea.  On April 15, 2024, Wadland electronically signed and acknowledged the Delinea Employee Handbook and Delinea Global Code of Conduct (the "Delinea Code of Conduct").  True and correct copies of excerpts of the Delinea Employee Handbook and Delinea Code of Conduct are attached hereto as **Exhibits 3** and **4**, respectively, and are incorporated herein by reference.

30.   In the Delinea Employee Handbook, Wadland agreed that it was his "responsibility to in no way reveal or divulge any such information unless it is necessary for you to do so in the performance of your duties. Access to confidential information should be on a 'need-to-know' basis and must be authorized by [his] manager. Your obligations to maintain the confidentiality of this information will continue after your employment with the Company ends."  (Exhibit 3 at 21.)

31.   As part of the Ethical Business Conduct section in the Delinea Employee Handbook, Wadland acknowledged that "[r]eleasing or discussing the Company's proprietary or confidential information, data or materials to outside persons, without prior written authorization from a duly authorized representative of

4082780.7

9

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

the Company is strictly prohibited" and he agreed to refrain from "[d]isclosing any trade secret or proprietary, confidential, non-public information acquired in the workplace and/or misusing material. Such information may include, but is not limited to, financial results, results of new product development, acquisitions or new equity or debt offerings." (Exhibit 3 at 22.)

32.    In the Delinea Code of Conduct, Wadland agreed that "[c]onfidential information in our possession or custody, whether Delinea confidential information or that of a third party, holds substantial value. Confidential information is legally protected from unauthorized use or disclosure. All personnel are subject to contractual obligations requiring you to protect and properly handle the confidential information you access during your work. This includes confidential information related to Delinea and to our customers, suppliers, partners, and other third parties." (Exhibit 4 at 18.)

33.    On April 14, 2025, Wadland sent an email to Delinea personnel announcing his resignation from Delinea effective April 25, 2025.

34.    After his announcement, Delinea personnel learned that Wadland was leaving the Company after accepting an employment offer from a competitor, Saviynt.  In light of this information, Delinea decided to end Wadland's employment effective immediately on April 14, 2025, but honor his salary for the two weeks' notice that Wadland had provided the Company.

35.    On April 14, 2025, Sarah Chapin, the Human Resources Director of Delinea, called Wadland to inform him of his immediate separation from the Company, reminded Wadland of his confidentiality obligations to the Company, and informed him that he would receive separation paperwork to sign.

36.    On April 15, 2025, Wadland received the separation paperwork and electronically signed the documents.  A true and correct copy of an excerpt of the signed Delinea Separation Procedures is attached hereto as **Exhibit 5** and incorporated herein by reference.

4082780.7

10

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

37. In the Delinea Separation Procedures, Wadland acknowledged that he was "aware of [his] ongoing obligations related to the protection of the company's confidential and proprietary information" and that he would "review the provisions in [his] Restrictive Covenant Agreement [e.g., his CIAA] and any other pertinent agreement." (Exhibit 5 at 1.)

38. Delinea and its predecessor Fastpath had given Wadland access to its Confidential Information for the sole purpose of performing his job duties, and his access to and use of such information was conditional on his continued employment and his compliance with the CIAA, Fastpath Employee Handbook, Delinea Employee Handbook, and Delinea Code of Conduct relating to confidential and proprietary information.

39. On May 9, 2025, HR Director Ms. Chapin called Wadland and reminded Wadland of his obligations under his confidentiality agreements with the Company and that such agreements prohibit any access to the Company's systems, including any of Wadland's work product while employed at the Company. Wadland confirmed his understanding that he may not access the Company's systems, including any prior work product.

**D.    Defendant Wadland's Unauthorized Accessing of Delinea's Computers and Theft of Confidential Information and Trade Secrets**

40. Unfortunately, Wadland's repeated acknowledgments and representations to the Company about his adherence to his confidentiality obligations turned out to be false. Without Delinea's knowledge or authorization, almost immediately after leaving Delinea, Wadland initiated a campaign to repeatedly and surreptitiously infiltrate Delinea's computer systems for the purpose of illicitly viewing, accessing, and/or downloading Delinea proprietary information and product trade secrets for the Fastpath Assure product.

41. On August 18, 2025, Delinea learned that Wadland had continued to access a Fastpath computer system on an unauthorized basis after his employment

4082780.7

11

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

ended – and indeed had been accessing the system on repeated occasions between April and August 2025.  Following a security investigation by Delinea's Security Operations and engineering team in late August and September 2025, Delinea learned that starting on April 23, 2025, Defendant Wadland used a legacy Fastpath ID account to illicitly continue to access a Fastpath system containing Delinea's proprietary information and trade secrets.  Upon discovery of these intrusions, Delinea immediately disabled the legacy Fastpath account access on August 18, 2025.

42.    According to activity logs reviewed in Delinea's security investigation, Defendant Wadland accessed the Fastpath system on no less than 31 distinct days between April 23 and August 12, 2025.  During these instances, Wadland reviewed numerous pages or locations within the Company's system, sometimes for hours, and methodically accessed and/or downloaded comprehensive sets of product materials from the Fastpath system that included Delinea's Confidential Information.  And he did so during normal business hours and from various IP addresses including an IP address registered to Saviynt in El Segundo, California, as well as IP addresses associated with locations not far from Saviynt's headquarters, including an IP addresses registered in Woodland Hills, California, and an IP address registered in Irvine, California.

43.    Delinea is informed and believes that Wadland's activities on the Fastpath Assure platform indicate that he methodically and strategically examined and misappropriated the Confidential Information representing Delinea's most valuable and sensitive information relating to its Fastpath Assure product offering.

44.    Delinea is informed and believes that Wadland was recruited and hired by Saviynt to work as a Senior Director of Product Management in Saviynt's Application Access Governance group, which is focused on creating an access governance and control product across business applications such as Oracle, Workday, and Microsoft Dynamics 365, in direct competition to Delinea's Fastpath

4082780.7

12

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Assure platform – the same product and applications information Wadland accessed without authorization after his resignation from Delinea.

45.    Plaintiff is further informed and believes that Wadland has made unauthorized downloads and copies of Delinea's Confidential Information, including an extensive amount of proprietary reports and integration data that can be made operational, which would be extremely valuable to a competitor who could, if provided such information, use, replicate, or exploit it, including Delinea's trade secrets and Confidential Information, to Delinea's detriment.

46.    Delinea personnel invested substantial time and resources responding to and investigating Wadland's unauthorized access to Delinea's Confidential Information, including approximately at least 50 hours from the Security Operations team to forensically trace and analyze Wadland's misappropriation and over 40 hours from Delinea's Vice President of Engineering to analyze activity logs and evidence of Wadland's conduct, which investigation costs exceed $5,000.

## FIRST CAUSE OF ACTION

### (Breach of Contract)

### (Against Defendant Wadland)

47.    Plaintiff repeats and re-alleges the preceding and following paragraphs of this Complaint as though set forth fully herein.

48.    The CIAA, Fastpath Employee Handbook, Delinea Employee Handbook, and Delinea Code of Conduct executed by Wadland and Delinea constitute valid and enforceable written contracts.

49.    Delinea performed all of the duties and obligations it agreed to and owed Defendant under the CIAA, Fastpath Employee Handbook, Delinea Employee Handbook, and Delinea Code of Conduct.

50.    Wadland's actions, as set forth herein, constitute a breach of the CIAA, Fastpath Employee Handbook, Delinea Employee Handbook, and Delinea Code of Conduct agreements.

51. Under the CIAA, Fastpath Employee Handbook, Delinea Employee Handbook, and Delinea Code of Conduct, Defendant was prohibited from disclosing, divulging, revealing, mishandling, and/or accessing the Company's Confidential Information, proprietary information, intellectual property, and trade secret information without express authorization, which was an ongoing obligation he acknowledged survived after his separation from Delinea.

52. Under the CIAA, Wadland further agreed that the "unauthorized use of such Confidential Information could irreparably injure the business of the Company."

53. Delinea is informed and believes that Wadland breached the terms of the CIAA, Fastpath Employee Handbook, Delinea Employee Handbook, and Delinea Code of Conduct by: (1) intentionally accessing Delinea's and Fastpath's platforms and networks after his termination of employment and surreptitiously allowing Defendant Saviynt to access the Company's Confidential Information without Delinea's permission; (2) accessing and/or downloading confidential and proprietary data from Delinea's computer network going back to at least April 17, 2025; and (3) failing to return and continuing to use Delinea's confidential, proprietary, and trade secret information, including the Fastpath Assure platform and its underlying features and Delinea's product information after his resignation from the Company.

54. On information and belief, Wadland is now employed by Saviynt, a competitor of Delinea, and has used and/or disclosed Delinea's Confidential Information for the benefit of his new employer in further breach of his agreements with Delinea.

55. As an actual and proximate result of Wadland's breaches, Delinea has been irreparably injured, and continues to face irreparable injury and harm. Given the nature of the breach and the difficulty in quantifying the competitive and economic impact of Wadland's actions, monetary damages alone would be

4082780.7

14

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

inadequate, and the full extent of harm may be impossible to assess.  Wadland's actions will continue to cause irreparable harm to Delinea if not enjoined

56.   As an actual and proximate result of Wadland's breaches, Delinea has suffered actual and/or consequential damages in an amount to be proven at the time of trial.  Delinea has suffered and will continue to suffer injury because of Wadland's breaches of the agreements, including diminished value of its Confidential Information, loss of its competitive advantage, loss of business, and harm to its reputation and goodwill.

57.   Delinea also seeks injunctive relief for Wadland's breaches of the parties' agreements, including the return of Delinea's software and its related information, and intellectual property.

58.   As Wadland acknowledged when he signed the CIAA, his breach has caused and will cause immediate and irreparable injury to Delinea, and it may be impossible to assess the damages caused by that breach.  Wadland thus agreed that Delinea will have the right to enforce the agreement's terms by injunction, specific performance, or other equitable relief without bond, without prejudice to other rights and remedies available to Delinea.

**SECOND CAUSE OF ACTION**

**(Violation of the Federal Computer Fraud and Abuse Act ("CFAA")**

**under 18 U.S.C. § 1030 *et seq.*)**

**(Against All Defendants)**

59.   Plaintiff repeats and re-alleges the preceding and following paragraphs of this Complaint as though set forth fully herein.

60.   Delinea brings this action under 18 U.S.C. § 1030(g) allowing any injured person to maintain a civil action against the violator of l8 U.S.C. § 1030.

61.   The statute defines the term "exceeds authorized access" to mean "to access a computer with authorization and to use such access to obtain or alter information in the computer that the accessor is not entitled to obtain or alter."  18

4082780.7

15

U.S.C. § 1030(e)(6).  The allegations above prove the Defendants' violation of 18 U.S.C. § 1030(a)(2)(C).

62.    The computer system or systems that Wadland had accessed as described above constitutes a "protected computer" within the meaning of 18 U.S.C. § 1030(e)(2).

63.    Defendants violated the CFAA, 18 U.S.C. § 1030(a)(2)(C), by intentionally accessing, either directly or indirectly, a computer used for interstate commerce or communication without authorization and/or by exceeding authorization and altering, deleting and/or otherwise destroying information from such a protected computer.

64.    Defendants knowingly and intentionally accessed a computer without authorization or exceed authorized access and obtained Delinea's Confidential Information from a protected computer without authorization.

65.    Defendants also violated the CFAA, l8 U.S.C. § 1030(a)(5)(B), by intentionally accessing a protected computer without authorization or by exceeding authorization, either directly or indirectly, causing damage to Delinea, recklessly or without due regard for his actions.

66.    Wadland acted recklessly by intentionally accessing Delinea's Confidential Information on numerous occasions between April 2025 and August 2025 without permission or authorization.

67.    Wadland acted recklessly by accessing, downloading, and/or exporting Delinea's Confidential Information from its platform onto his computer.

68.    Wadland acted recklessly by failing to inform and obtain consent from Delinea to engage in these acts.

69.    Delinea is informed and believes that Wadland continues to act recklessly to the extent he still maintains possession, custody, or control over Delinea's Confidential Information and other data, files, and Company information without permission or authorization.

70. Upon information and belief, the actions described herein by Wadland occurred while he was an employee of Saviynt, utilizing their property and devices (including their IP address registered in El Segundo, California), pursuant to their instructions and/or authorization as his employer and for the benefit of his employer. Upon information and belief, the actions undertaken by Wadland described herein were undertaken by Wadland as an agent for, and on behalf of, Defendant Saviynt.

71. Delinea has suffered damages and loss by reason of these violations, including, without limitation, harm caused by interruption of service, data and/or underlying databases, amounts expended attempting to restore the confidential and proprietary data, and other losses and damages in the amount well over $5,000 aggregated over a one-year period.

72. Pursuant to 18 U.S.C. § 1030(g), Delinea is entitled to recover compensatory damages, costs incurred (including but not limited to all costs associated with enforcing its rights hereunder), and preliminary and injunctive relief prohibiting Wadland from further violation of the CFAA and to prohibit Wadland from using the data he obtained.

## THIRD CAUSE OF ACTION

**(Violation of the California Computer Data and Access Fraud Act**

**under Cal. Penal Code § 502 )**

**(Against All Defendants)**

73. Plaintiff repeats and re-alleges the preceding and following paragraphs of this Complaint as though set forth fully herein.

74. Wadland has violated the California Computer Data and Access Fraud Act by engaging in the following conduct:

    a) Knowingly and fraudulently, and without permission, accessing, taking, copying, and making use of programs, data, and files from Delinea's computers, computer systems, and/or computer networks;

b) Knowingly, fraudulently, and without permission accessing and using Delinea's computers and servers;

c) Knowingly, fraudulently, and without permission accessing, or causing to be accessed, Delinea's computers, computer systems, and/or computer networks.

d) Intentionally accessed the Delinea's computer system without authorization or in excess of authorization and, as a result of such conduct, caused damages including expenditures to determine what information and data were accessed and misappropriated and to determine whether there was any damage to Delinea's computer system or to the information or data on the computer system.

75. Upon information and belief, the actions described herein by Wadland occurred while he was an employee of Saviynt, utilizing their property and devices (including their IP address registered in El Segundo, California), pursuant to their instructions and/or authorization as his employer and for the benefit of his employer. Upon information and belief, the actions undertaken by Wadland described herein were undertaken by Wadland as an agent for, and on behalf of, Saviynt.

76. Delinea has suffered damages under California Penal Code § 502(e)(1) as a direct and proximate result of Defendants' actions in an amount to be determined at trial, and Plaintiff seeks punitive damages for willful violation of this Act under § 502(e)(4) as well as attorneys' fees under § 502(e)(2).

77. Additionally, because its remedy at law is inadequate, Plaintiff reserves its right to seek injunctive relief under § 502(e)(1) to recover and protect its intellectual property and other legitimate business interests.

4082780.7

18

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

# FOURTH CAUSE OF ACTION

## (Violation of the Defend Trade Secrets Act ("DTSA")

## under 18 U.S.C. § 1836 *et seq*.)

## (Against All Defendants)

78.    Plaintiff repeats and re-alleges the preceding and following paragraphs of this Complaint as though set forth fully herein.

79.    Delinea has developed numerous valuable and protectable trade secrets, including its Confidential Information and proprietary customer information and data.

80.    These trade secrets, including but not limited to Delinea's Confidential Information and proprietary integration information and data, derive independent economic value from not being generally known to the public or to other persons who can obtain value from their disclosure or use.

81.    Delinea undertakes reasonable efforts—such as the use of employee confidentiality agreements and the implementation of security processes and technology—to maintain the secrecy of its trade secrets.

82.    Delinea permits use of these trade secrets only for authorized business purposes by authorized employees.  Any other use is not permitted.

83.    Defendant Wadland willfully and intentionally misappropriated Delinea's trade secrets by accessing, downloading, exporting, and, upon information and belief, disclosing Delinea's trade secrets and Confidential Information without the Company's express authorization.

84.    Upon information and belief, Wadland has used Delinea's trade secrets to, among other things, improve the products and offerings of his new employer and Delinea's competitor Saviynt, thus causing Delinea competitive harm.

85.    Upon information and belief, the actions described herein by Wadland occurred while he was an employee of Saviynt, utilizing their property and devices (including their IP address registered in El Segundo, California), pursuant to their

instructions and/or authorization as his employer and for the benefit of his employer. Upon information and belief, the actions undertaken by Wadland described herein were undertaken by Wadland as an agent for, and on behalf of, Saviynt.

86. As the direct and proximate result of Defendants' conduct, Plaintiff has suffered and, if Defendants' conduct is not stopped, will continue to suffer, irreparable injury and significant damages, in an amount to be proven at trial.

87. Because Plaintiff's remedy at law is inadequate, Plaintiff seeks, in addition to damages, temporary, preliminary, and permanent injunctive relief to recover and protect its confidential, proprietary, and trade secret information and other legitimate business interests. Plaintiff's business is reliant on its business reputation and its ability to maintain and grow its client base in a competitive market and will continue suffering irreparable harm absent injunctive relief.

88. Plaintiff has a substantial likelihood of success on the merits because of Defendants' blatant, willful, knowing, malicious, and/or reckless misappropriation and use of trade secrets through the improper and unlawful methods, as alleged herein.

89. Defendants have acted with oppression, fraud, or malice, entitling Delinea to an award of punitive damages.

**FIFTH CAUSE OF ACTION**

**(Violation of the California Uniform Trade Secrets Act**

**Under Cal. Civ. Code § 3426 *et seq*.)**

**(Against All Defendants)**

90. Plaintiff repeats and re-alleges the preceding and following paragraphs of this Complaint as though set forth fully herein.

91. Delinea has developed numerous valuable and protectable trade secrets, including its Confidential Information and proprietary customer information and data.

92. These trade secrets, including but not limited to Delinea's Confidential

4082780.7

20

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Information and proprietary integration information and data, derive independent economic value from not being generally known to the public or to other persons who can obtain value from their disclosure or use.

93. Delinea undertakes reasonable efforts—such as the use of employee confidentiality agreements and the implementation of security processes and technology—to maintain the secrecy of its trade secrets.

94. Delinea permits use of these trade secrets only for authorized business purposes by authorized employees. Any other use is not permitted.

95. Wadland willfully and intentionally misappropriated Delinea's trade secrets by accessing, downloading, exporting, and, upon information and belief, disclosing Delinea's trade secrets and Confidential Information without the Company's express authorization.

96. Upon information and belief, Wadland has used Delinea's trade secrets to, among other things, improve the products and offerings of his new employer and Delinea's competitor Saviynt, thus causing Delinea competitive harm.

97. Upon information and belief, the actions described herein by Wadland occurred while he was an employee of Saviynt, utilizing their property and devices (including their IP address registered in El Segundo, California), pursuant to their instructions and/or authorization as his employer and for the benefit of his employer. Upon information and belief, the actions undertaken by Wadland described herein were undertaken by Wadland as an agent for, and on behalf of, Saviynt.

98. As the direct and proximate result of Defendants' conduct, Plaintiff has suffered and, if Defendants' conduct is not stopped, will continue to suffer, irreparable injury and significant damages, in an amount to be proven at trial.

99. Because Plaintiff's remedy at law is inadequate, Plaintiff seeks, in addition to damages, temporary, preliminary, and permanent injunctive relief to recover and protect its confidential, proprietary, and trade secret information and other legitimate business interests. Plaintiff's business is reliant on its business

4082780.7

21

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

reputation and its ability to maintain and grow its client base in a competitive market and will continue suffering irreparable harm absent injunctive relief.

100. Plaintiff has a substantial likelihood of success on the merits because of Defendants' blatant, willful, knowing, malicious, and/or reckless misappropriation and use of trade secrets through the improper and unlawful methods, as alleged herein.

101. Defendants' acts were malicious, fraudulent, and oppressive, and were done with conscious disregard of Plaintiff's rights, all within the meaning of California Civil Code § 3294, in that Defendants misappropriated Plaintiff's trade secret information intentionally and knowingly and with a deliberate intent to benefit themselves and injure Plaintiff's business. Plaintiff is entitled to its damages, in an amount to be determined at trial, as well as injunctive relief, royalties, and an award of exemplary damages under Cal. Civ. Code § 3426.3(c), and punitive damages and attorney's fees pursuant to California Civil Code §§ 3426.3(c) and 3426.4.

## SIXTH CAUSE OF ACTION

### (Unfair Business Practices in Violation of

### Cal. Bus. & Prof. Code. § 17200 *et seq.*)

### (Against All Defendants)

102. Plaintiff repeats and re-alleges the preceding and following paragraphs of this Complaint as though set forth fully herein.

103. California Bus. & Prof. Code § 17200 prohibits unfair competition in the form of any unlawful, unfair, or fraudulent business act or practice.

104. By and through their conduct alleged herein, Defendants committed unlawful, unfair, and/or fraudulent business acts as defined by § 17200 by engaging in wrongful conduct including, but not limited to: improperly accessing and misappropriated Delinea's Confidential Information and, on information and belief, interfering with Delinea's contractual relationships with its former employee

4082780.7

22

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Wadland to steal Delinea's Confidential Information.

105.   Upon information and belief, the actions described herein by Wadland occurred while he was an employee of Saviynt, utilizing their property and devices (including their IP address registered in El Segundo, California), pursuant to their instructions and/or authorization as his employer and for the benefit of his employer. Upon information and belief, the actions undertaken by Wadland described herein were undertaken by Wadland as an agent for, and on behalf of, Saviynt.

106.   As a direct and approximate result of these unlawful, unfair, and/or fraudulent acts and practices, Delinea has suffered diminished value of its Confidential Information, loss of its competitive advantage, loss of business, and harm to its reputation and goodwill.

## SEVENTH CAUSE OF ACTION

### (Intentional Interference with a Contractual Relationship)

### (Against Defendant Saviynt)

107.   Plaintiff repeats and re-alleges the preceding and following paragraphs of this Complaint as though set forth fully herein.

108.   Delinea has contractual relations with its current and former employees, including with Wadland.  These contracts describe the ongoing confidentiality obligations Delinea's current and former employees owe to Delinea with respect to Delinea's Confidential Information and the protection of Delinea's proprietary information and trade secrets.

109.   At all relevant times, Saviynt knew or should have known of these contracts.  It is well known in the cybersecurity industry that confidential and proprietary information is protected by contract.

110.   Saviynt is vicariously liable for the actions of its officer, Wadland, during the course and scope of his employment at Saviynt.  Saviynt was aware of the Wadland's contractual obligations with Delinea, and, within the course and scope of his employment at Saviynt, engaged in conduct that prevented or hindered

4082780.7

23

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

performance of that contract, and intended that result.  Delinea is informed and believes that Wadland accessed Delinea's systems and Confidential Information while using an IP address registered to Saviynt in El Segundo, California.

111.   There is no legitimate justification for Saviynt's tortious interference with Delinea's contractual relations with its current and former employees.

112.   As a direct and approximate result Saviynt's interference, Delinea has suffered diminished value of its Confidential Information, loss of its competitive advantage, loss of business, and harm to its reputation and goodwill.

113.   Wadland's actions, which are attributable to Saviynt, were willful, intentional, and malicious.  Delinea is therefore entitled to punitive and exemplary damages.

**EIGHTH CAUSE OF ACTION**

**(Conversion)**

**(Against All Defendants)**

114.   Plaintiff repeats and re-alleges the preceding and following paragraphs of this Complaint as though set forth fully herein.

115.   At all relevant times, Delinea had and continues to have a property interest in its Confidential Information relating to its proprietary PAM and identity security products and solutions.

116.   Without Delinea's consent, Wadland intentionally and substantially interfered with Delinea's property right.  Wadland unilaterally accessed and downloaded Delinea's Confidential Information and, upon information and belief, has used it for his employer Saviynt's benefit.

117.   Upon information and belief, the actions described herein by Wadland occurred while he was an employee of Saviynt, utilizing their property and devices (including their IP address registered in El Segundo, California), pursuant to their instructions and/or authorization as his employer and for the benefit of his employer. Upon information and belief, the actions undertaken by Wadland described herein

4082780.7

24

were undertaken by Wadland as an agent for, and on behalf of, Saviynt.

118. As a result of Wadland's interference, Delinea has suffered and will suffer irreparable harm and monetary damages by, among things, losing revenue and profits, losing sales of its products, damage to its reputation, goodwill, and competitive advantage and damage to its customer relationships with retailers.

119. Defendants have acted with oppression, fraud, or malice, entitling Delinea to an award of punitive damages.

## **PRAYER FOR RELIEF**

Plaintiff Delinea seeks judgment in its favor and an Order against Defendants granting the following relief:

A. Temporarily and permanently enjoining Defendants, and all parties in active concert or participation with it or receiving notice of any injunction, from directly or indirectly using, disclosing, or retaining any of Plaintiff's confidential, proprietary and/or trade secret information;

B. Temporarily and permanently enjoining Defendants, and all parties in active concert or participation with it or receiving notice of any injunction, from violating its contractual agreements with Delinea by directly or indirectly using, disclosing, or retaining Plaintiff's Confidential Information, data, and other property, including any copies of any version of Fastpath Assure;

C. Temporarily and permanently enjoining Defendants, and all parties in active concert or participation with it or receiving notice of any injunction, from violating its contractual agreements with Delinea by directly or indirectly copying or making backups of Plaintiff's Confidential Information, software, trade secrets, data, and other property, including any copies of any version of Fastpath Assure;

D. Temporarily and permanently enjoining Defendants, and all parties in active concert or participation with it or receiving notice of any

4082780.7

25

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

injunction, from accessing or attempting to access Plaintiff's computer network.

E. Ordering Defendant and all parties in active concert or participation with it or receiving notice of any injunction, to return to Plaintiff all originals, copies, and derivative works of all software, related materials, including but not limited to any of Plaintiff's files, data, devices, and/or documents, integrations, modules, and/or rulesets in its possession that contain or relate to Plaintiff's confidential, proprietary, and/or trade secret information;

F. Ordering Defendants and all parties in active concert or participation with them, to preserve all documents, data, backup software, programs, or scripts, and electronic information, including all backups and copies, and to produce for inspection and imaging all computers, servers, backup devices and other electronic storage devices, cloud-based storage repositories, and email accounts belonging to, under the control of, accessible to, or operated by Defendants related to the claims in this action;

G. Awarding Plaintiff compensatory and economic damages;

H. Awarding Plaintiff reasonable attorneys' fees and costs;

I. Awarding Plaintiff on exemplary and/or punitive damages;

J. Awarding Plaintiff an order of restitution against Defendants;

K. Awarding Plaintiff restitution for Defendants' unjust enrichment;

L. Awarding Plaintiff prejudgment and post judgment interest at the maximum rate provided by law, as applicable, and as an element of the damages Plaintiff have suffered as a result of the wrongful and illegal acts of Defendants;

M. Disgorging any profits, financial benefits, or funds Defendants obtained or received as a result of the conduct described herein and as developed

4082780.7

26

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

at trial; and

N.   Awarding Plaintiff's such further relief as the Court deems necessary and just.

DATED:  September 23, 2025          Ekwan E. Rhow
                                    Paul S. Chan
                                    Alexander H. Tran
                                    Bird, Marella, Rhow,
                                    Lincenberg, Drooks & Nessim, LLP


                                    By:      /s/Paul S. Chan
                                          Ekwan E. Rhow
                                          Paul S. Chan
                                          Alexander H. Tran
                                          Attorneys for Plaintiff Delinea Inc.

4082780.7

27

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES