Ekwan E. Rhow - State Bar No. 174604
  erhow@birdmarella.com
Paul S. Chan - State Bar No. 183406
  pchan@birdmarella.com
Alexander H. Tran - State Bar No. 338940
  atran@birdmarella.com
BIRD, MARELLA, RHOW,
LINCENBERG, DROOKS & NESSIM, LLP
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

Attorneys for Plaintiff Delinea, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| DELINEA INC.,<br><br>             Plaintiff,<br><br>       vs.<br><br>SAVIYNT, INC.; PATRICK A. WADLAND, an individual, and DOES 1-20,<br><br>             Defendants. | CASE NO. 2:25-cv-09040<br><br>**PLAINTIFF DELINEA INC.'S APPLICATION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL** |

4083169.2

Pursuant to Local Rule 79-5.2.2(a), Plaintiff Delinea, Inc. ("Delinea") files this Application for leave to file an unredacted version of its (1) *Ex Parte* Application for a Temporary Restraining Order and Order to Show Cause Why a Preliminary Injunction Should Not Issue be filed, and (2) the supporting Declaration of Nate Boettcher, with supporting Exhibits #7, #8, and #9, under seal.  "Good cause" and "compelling reasons" for this sealing order are set forth in this Application and the accompanying Declaration of Alexander H. Tran.

Delinea filed a complaint against Defendants Patrick A. Wadland and Saviynt, Inc. for trade secret theft.  That complaint alleges that Wadland, after leaving employment with Delinea and joining a direct competitor Saviynt, stole Delinea's trade secrets and confidential information through unauthorized access to Delinea's computer systems.  The complaint alleges that, as his employer, Saviynt is responsible for its employee's theft, intrusion, and unlawful conduct.

Concurrent with the complaint, Delinea is also filing an *Ex Parte* Application for a Temporary Restraining Order and Order to Show Cause Why a Preliminary Injunction Should Not Issue ("TRO Application").  The (1) TRO application, the (2) supporting Declaration of Nate Boettcher, and its supporting Exhibits #7, #8, and #9, identify and discuss trade secrets and confidential information related to Delinea's business; specifically, the proprietary features, reports, rule sets, and integrations that are part of its Fastpath Assure's product / online platform that were improperly accessed and/or downloaded by Defendants.  As discussed in the Boettcher Declaration, this information is not generally known by competitors and public disclosure of this information would significantly harm Delinea and Delinea's competitive market share.  (*See* Boettcher Decl. ¶¶ 7, 11, 24.)

A party seeking nondisclosure of documents must establish that "compelling reasons supported by specific factual findings . . . outweigh the general history of access and the public policies favoring disclosure." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006).  "In general, 'compelling

4083169.2

2

reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to . . . release trade secrets." *Id.* at 1179. "A 'trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it.'" *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008). The "definition of trade secret consists of three elements: (1) information, (2) that is valuable because it is unknown to others, and (3) that the owner has attempted to keep secret." *InteliClear, LLC v. ETC Glob. Holdings, Inc.*, 978 F.3d 653, 657–58 (9th Cir. 2020) (citing 18 U.S.C. §§ 1839(3), (5)).

As set forth in the Declaration of Alexander H. Tran, the information in the TRO Application and Declaration of Nate Boettcher that Delinea seeks to redact or seal qualify as a trade secret and otherwise constitutes confidential information. Therefore "good cause" and "compelling reasons" under Local Rule 79-5.2.2(a) exist to shield that information from public view. The proposed redactions are minimal and are no greater than is necessary to protect Delinea's trade secrets and confidential information. Because the TRO Application is being pursued on an *ex parte* basis, Delinea does not know whether the Defendants oppose this Application.

DATED: September 23, 2025

Bird, Marella, Rhow,
Lincenberg, Drooks & Nessim, LLP

By: _____ /s/ Alexander H. Tran _____
Ekwan E. Rhow
Paul S. Chan
Alexander H. Tran
Attorneys for Plaintiff Delinea Inc.

4083169.2

3

PLAINTIFF DELINEA INC.'S APPLICATION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL