Scott M. Malzahn (Bar No. 229204)
  smalzahn@waymakerlaw.com
Jose R. Nuño (Bar No. 312832)
  jnuno@waymakerlaw.com
WAYMAKER LLP
515 S. Flower Street, Suite 3500
Los Angeles, California 90071
Telephone: (424) 652-7800
Facsimile:  (424) 652-7850

*Attorneys for Defendant
Patrick A. Wadland*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| DELINEA INC., <br><br> Plaintiff, <br><br> v. <br><br> SAVIYNT, INC.; PATRICK A. WADLAND, an individual, and DOES 1-25, <br><br> Defendants. | Case No.  2:25-cv-09040-SVW-JC <br> Hon. Stephen V. Wilson <br><br> **DEFENDANT PATRICK WADLAND'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS** <br><br> *[Concurrently Filed with Notice of Motion and Motion to Dismiss]* <br><br> Hearing:    January 5, 2026 <br> Time:        1:30 p.m. <br> Courtroom: 10A <br><br><br> Action Filed: September 23, 2025 <br> Trial Date:    None Set |

DEFENDANT PATRICK WADLAND'S REQUEST FOR JUDICIAL NOTICE ISO MOTION TO DISMISS

TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that pursuant to Federal Rules of Evidence 201, on January 5, 2026, at 1:30 p.m., or as soon thereafter as may be heard in Courtroom 10A of this Court at 350 West 1st Street, Los Angeles, California 90012, Defendant Patrick Wadland ("Wadland") will respectfully request that this Court take judicial notice of the documents identified below in support of Wadland's Motion to Dismiss ("Motion").

## I.      INTRODUCTION

Wadland requests that the Court take judicial notice of the November 4, 2022 Fastpath Solutions, LLC Separation Letter ("Separation Letter") sent to Wadland, and the June 5, 2020 Confidentiality and Inventions Assignment Agreement ("CIAA") attached thereto, as these documents are proper subject of judicial notice pursuant to Federal Rule of Evidence 201. A true and correct copy of Separation Letter and attached CIAA are attached to this RJN as **Exhibit A**.

Specifically, Plaintiff Delinea, Inc. ("Delinea") asserts a claim against Wadland for breach of contract based in part on the CIAA. (*See* ECF 1 ¶¶ 47-58.) The Complaint alleges that "Wadland signed a Confidentiality and Inventions Assignment Agreement, which was effective as of June 5, 2020 (the 'CIAA')" and attaches a limited excerpt of the CIAA as Exhibit 1. (*Id.* ¶ 21; *see also* ECF 1-1.) Although Delinea's counsel declined to voluntarily produce a complete copy of the CIAA to Wadland's counsel,[1] Wadland has located a complete copy of the CIAA which was sent to him by email with the Separation Letter in 2022.

The Separation Letter states that "[t]he purpose of this letter is to document [Wadland's] termination of employment with Fastpath Solutions, LLC"; that

---

[1] During the meet and confer conference in advance of the Motion, counsel for Wadland requested a complete copy of the CIAA for review. Counsel for Delinea declined this request.

Wadland's "last day of employment w[ould] be Friday, November 4th, 2022"; and the letter attached a complete copy of the CIAA that Wadland signed on June 5, 2022. (*See* Exhibit A.) The Separation Letter and the CIAA attached to it, both of which were authored and sent to Wadland by Fastpath Solutions, should not be subject to reasonable dispute. Wadland submits these documents to the Court to be judicially noticed.

## II. THE SEPARATION LETTER AND CIAA ARE JUDICIALLY NOTICEABLE

Pursuant to Federal Rule of Evidence 201(b), the court may take judicial notice of facts that can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. *Johnson v. Tilton*, 2010 WL 3782446, at *3 (C.D. Cal. July 22, 2010). Courts are required to "take judicial notice if a party requests it and the court is supplied with the necessary information." *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1016 n.9 (9th Cir. 2012); Fed. R. Evid. 201(c)(2).

To that end, courts may also take judicial notice of documents "whose contents are alleged in a complaint and whose authenticity no party questions." *Asner v. SAG-AFTRA Health Fund*, 557 F. Supp. 3d 1018, 1024 (C.D. Cal. 2021); *see also Zaghi v. State Farm Gen. Ins. Co.*, 77 F. Supp. 3d 974, 977 (N.D. Cal. 2015) (In ruling on a motion to dismiss, courts may "take judicial notice of and consider unattached evidence on which the complaint relies if: (1) the complaint refers to the document; (2) the document is central to the plaintiffs claim; and (3) no party questions the authenticity of the document.")

Here, Wadland requests that the Court take judicial notice of the Separation Letter and the CIAA attached to it because the contents of the CIAA are alleged in the Complaint, the CIAA is central to Delinea's breach of contract claim, and no party can in good faith question the authenticity of the documents or the facts within them. Specifically, the Complaint asserts that Wadland breached the CIAA and

2

references portions of the CIAA throughout the complaint. (*See* ECF 1 ¶¶ 21-24, 47-58.) Delinea also attaches an excerpt of the CIAA to the complaint, but fails to attach the entire document. (*See e.g.*, ECF 1-1.) The Court can and should consider the entire CIAA as the Court can consider unattached evidence on which the Complaint relies. Moreover, the fact that the document is not subject to reasonable dispute is buttressed by the Separation Letter on Fastpath Solutions letterhead that encloses the document upon the ending of Wadland's employment in November 2022. The documents are the subject of proper judicial notice. Additionally, Delinea cannot reasonably dispute the dates of employment set forth in the Separation Letter.

## III.    CONCLUSION

For the foregoing reasons, Wadland respectfully requests that the Court take judicial notice of the documents attached as Exhibit A and consider them in ruling on Wadland's Motion to Dismiss.

DATED:  November 13, 2025          WAYMAKER LLP


By: _____
    SCOTT M. MALZAHN
    *Attorneys for Defendant*
    *Patrick A. Wadland*

DEFENDANT PATRICK WADLAND'S REQUEST FOR JUDICIAL NOTICE ISO MOTION TO DISMISS